HENRY LEWKOWICZ et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim Nos. 37900, 42633.) — *Per Curiam.* Appeal by the claimant from an award of the Court of Claims of $34,046 plus interest for the appropriation for highway purposes of property located in the Town of Rotterdam. The Court of Claims found "potential commercial use" as the best and highest use of the property and awarded $8,730 for the direct taking of approximately 4 acres plus the house and barn and $25,292 for consequential damages to the remaining 52 acres which were left without access as a result of the direct taking. While these figures are within the range of the appraisers' testimony, if we assume that the buildings were valued somewhere between the $4,500 figure advanced by claimant and the $3,200 figure of the State the four taken acres must have been valued at between $800 and $1,380 per acre, and yet the remaining acres must have been valued at roughly only about $538 per acre ($25,296 [consequential damages] + $2,674 [after value] ÷ 52 [acres]). There is no explanation given as to why this differentiation exists; rather the findings indicate the parcel was treated by the court below as an entire unit. As we pointed out in *Conklin* v. *State of New York* (22 A D 2d 481), while we could make new and appropriate findings, we are loath to do so at the appellate level and feel rather that the Court of Claims should provide us with findings sufficient for intelligent judicial review. A new trial is not necessary and we remand only to enable the Trial Judge to formulate adequate findings. Determination of appeal withheld, and case remitted to the Court of Claims for further proceedings not inconsistent with the opinion herein. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.